Good morning, Your Honors. I'm Angela Casagrande, appearing on behalf of Appellant v. City of Sacramento. The primary issues in this case are whether the District Court erred when it decided the facts in this case instead of the jury, whether the District Court erred when it instructed the jury that the City agreed to truth of certain facts when it did not, and whether the District Court erred when it instructed the jury that it was required to consider the facts that were decided by the court as proven. Federal Rule of Civil Procedure 16-3 permits a judge to ask parties to consider the possibility of obtaining omissions of fact which will avoid a necessary proof. On its face, Rule 16 does not authorize a court to force a party to stipulate to facts it disputes. The parties here submitted a joint pretrial statement pursuant to court order wherein the parties agreed that certain facts were undisputed. These facts were later identified in the court's final pretrial order as Undisputed Facts 1-9. The plaintiff's counsel previously submitted a separate joint statement that was not signed by the City's attorney in which he requested the court incorporate into its final pretrial order the undisputed facts language from the court's order following the City's summary judgment motion. Let me ask a question about that. There is a procedure under Rule 56, I guess it's 56d maybe, where a party can move for a partial summary judgment to get facts adjudicated on which there's no question. As I understand it, that was not the case here. Is that the case? Can you help me on the record? Yes, I can. In other words, if that's done, that would establish facts by summary judgment procedures whether a party agreed to them or not. But if that wasn't done, then I think you have, you know, you have a stronger argument. That wasn't done in this case. And Rule 56d provides in part that if on a motion under this rule judgment is not rendered upon the whole case, the court shall ascertain what material facts exist without substantial controversy, and those facts are thereafter deemed established at trial. Well, Section D of Rule 56 must be read in conjunction with Sections 56a and 56b because Section D refers to following a motion under this rule. 56a states a claimant may file a motion for summary judgment in his favor. There was no motion for summary judgment filed under Rule 56a in this case by the claimant. Rather, the motion was filed by the defendant under Rule 56b. 56d does not authorize the findings of any fact against the moving party. In support of this conclusion, I direct this Court to Eastern District Local Rule 56-260-F, which is in the appendix to the reply brief, which states, this rule shall apply to motions for orders specifying material facts that appear without substantial controversy pursuant to Rule 56d, except that the proposed statement of undisputed facts and the statement of disputed facts shall be limited to the facts which the moving party asserts are without substantial controversy and the facts the opposing party contends are in dispute. Therefore, in this case, the Court could only find the facts propounded by the moving party or the city were without substantial controversy, not any alleged undisputed facts propounded by plaintiff, the nonmoving party. In addition, and this is related to the question you asked, the city did not receive any notice from the court that by filing a motion for summary judgment, the court would make certain findings of fact against it, the moving party. By making findings of fact against the city, the city was deprived of the substantial right of notice. Was there a pretrial order, final pretrial order? There was a final pretrial order, and it's at page 191 of the excerpts of record. And it is in accord with everything that you were telling us. Yes, it is. It was stipulated. I guess what I how if this is as you say, how did this happen? It happened because plaintiff's counsel actually requested that the court incorporate into its final pretrial order the undisputed facts language from the order following the city's motion for summary judgment. And that request is at excerpt of record 1046 at note 2. I was trying to tie all this together. The court did comply with that request and incorporated the undisputed facts from the facts 10 through 20, to which the city objected. That was from the document that you didn't sign. Yes, that's correct. The city believes that the plaintiff's counsel wouldn't have requested that a district court take these facts from the summary judgment order and place them in the undisputed facts section of the court's final order unless she believed they were favorable to plaintiff. Likewise, she would not have, as she did, read all of these undisputed facts to the jury and place them on an overhead projector during her closing argument if she did not believe they were material to the jury's decision. The court also instructed the jury that these facts, to which the city actually disputed, were undisputed, that both parties agree to them, that the jury had to accept the undisputed facts as proven. And when in doubt as to the facts in this case, the jury followed the court's instructions and decided this case by considering what it had been told was the undisputed truth. During its deliberations, the jury requested a readback of the undisputed facts. It did not request a readback of any other evidence in this case. I'd like to – I just wonder if there are any questions from the counsel. I think it might be helpful on this particular issue if you reserve some time to respond to the appellee's position on it. I will. I still – the yellow lights. A bunch of other issues in this case. Okay. I'd like to briefly talk about the effect of the court's stipulations. The court's action was equivalent to a sanction. For example, under Section 37b2a, a court may order that facts should be deemed established for purposes of trial in accordance with the claim of the party obtaining the sanction. And that is no different than what occurred here. The court established the facts at trial in accordance with plaintiff's requests and plaintiff's claims. The court thereby violated the city's substantial rights. Last, the district court has an inherent power to control its dockets, but not when the exercise would nullify procedural choices reserved to the parties under the rules. And with that, unless there are other questions, I'll reserve the remainder of my time.  MS. TELFER Good morning, Your Honors. Jill Telfer on behalf of Plaintiff and Appellee Michael Asbury. A unanimous jury determined, after weighing all of the evidence, that of approximately a six-day trial, that appellant discriminated against Appellee Michael Asbury. JUDGE FRANKLIN Well, first, the problem here is whether the jury verdict came about on account of abuse of discretion by the court in saying that facts that were disputed were undisputed, and effectively taking away from the jury a decision about whether the plaintiff could lift more than 40 pounds, whether his job required him to do so, and whether he was terminated. And I have to tell you so that you can respond to it, that as a fairly long-serving district judge, what happened here is astonishing to me. Procedurally, I cannot imagine a district judge forcing a stipulation or saying that facts that were undisputed for purposes of summary judgment are undisputed for all purposes without giving the parties notice that that's what he intended to do sua spondi, and then compounding that problem by reading undisputed facts, which I never did, and I know of no district judge who's ever done this, reading undisputed facts to a jury under an instruction that says they have to be taken as proved. So I say that in a fairly extreme way for purposes of telling you what I would like to hear from you in terms of saying why that's not a problem. Specifically, the defendants filed a motion for summary judgment. In opposition, plaintiff filed their own separate statement of undisputed facts. There's nothing unusual about that. It happens daily and hourly. In that also nothing at all unusual about parties not controverting facts on summary judgment for a whole lot of reasons. I've never heard of a fact from summary judgment apart from Rule 56d being interpreted as binding thereafter. Let me add my concern to Judge Reimers so you could address the all of it. It's on the same point, and it's unfortunate, because none of this has anything to do with the strength of the Asbury, Mr. Asbury's claim. It has to do with whether the district judge had a fair procedure that can be sustained. And my concern is that normally stipulated facts come about in three ways. They come about by the parties agreeing. They come about by the Rule 56 procedure that establishes a fact, whether someone likes it or not. It's not really stipulated then, but it's determined for purposes of trial. And they come about by requests for admissions under Rule 36 that are either admitted or that there's no response to in time. So I don't really understand what the trial judge did here. And I agree with Judge Reimers' comment that often parties don't controvert facts at the summary judgment stage. And if they put off the summary judgment, they're free to present evidence at trial. That's not what happened here, though, Your Honors. Specifically in this case, a plaintiff submitted a statement of undisputed facts that the defendants had due notice on, due process, and actually disputed. But they failed to dispute with any admissible evidence. So what? I mean, that happens all the time. So what? But they were given the adequate opportunity and due process. And what they did was they submitted information. Because of a summary judgment motion that they made. Not that you made, that they made. My reading of 56d does not state that it's only for the moving party for there to be established facts. A Rule 56 determination by the judge. The judge's order on summary judgment goes to the merits and has no word whatsoever. And so the plaintiff submitted a statement of undisputed facts that the defendants  And that's not what happened here, though, Your Honors. The plaintiff submitted a statement of undisputed facts that the defendants had due process, and had no word whatsoever. A Rule 56d in it. The judge didn't make a Rule 56d determination. And the ones for purposes of summary judgment as to which there is a tribal issue of material fact. But that doesn't mean that your identification of undisputed facts and summary judgment are binding beyond that, unless you have made a Rule 56d adjudication of facts to be without substantial controversy, which didn't happen. Specifically, the Court could have interpreted and made a Rule 56d determination of undisputed facts to be without substantial controversy, but that didn't happen. The plaintiff provided evidence of undisputed facts. Defendants were given due process to submit evidence. They disputed it, but they had adequate opportunity, but they didn't utilize any admissible evidence. Instead, they didn't even address the specific issues. Let me ask you a different question. The district court actually, in responding to the city's objection, ruled or treated the objection to the shifting the disputed facts into the undisputed facts column for purposes of pretrial conference order, that the objection was in effect a belated motion to reconsider the ruling on summary judgment. Now, your brief doesn't purport to defend that, possibly because it's indefensible. But do you have an argument why that's a correct ruling? I mean, why would it occur to anybody to have moved to reconsider? Well, specifically, if the defendants did not agree to the order or any of the information in the order, it had the opportunity, again, to file a motion to reconsider. The order doesn't say that these facts, as I understand it, doesn't say the facts that I'm reciting as undisputed for purposes of this order are determined for purposes of trial. But does the court have to say that? Specifically, in the order itself, it specifically identifies the facts that have been determined based on the undisputed facts. Both sides were given the opportunity. Why is it that the opposing party, if there are determined undisputed facts, why can those be utilized at trial, but they can't be for the moving party? The general principle on the summary judgment motions is that if the court has to look at the facts in the light most favorable to the nonmoving party and then determine what's undisputed on that basis, in other words, I don't know. Just in lots of the experience I've had, I've never seen anything like what the district judge did here. That's part of what's never seen. My understanding, let me just comment just a little bit. My understanding is that this is the why Rule 16 was adopted, that is, you have a pretrial conference before you go to trial and you make sure that you've got everything straight as to what is to go to the jury, what isn't, any Rule 56 determinations that should be made, can be made. That's what that was supposed to do so that this would never happen. Now, was there a pretrial – was Rule 16 followed in this case? It was, Your Honor. The court was very frustrated with the parties because we missed our deadline. The parties could not get together and agree upon anything. As you could probably see by the record, it was very aggressively litigated. And the court had to continue the pretrial conference because initially the parties couldn't agree to anything except that Michael Asbury had one time worked for the city. And so the court, after working with us and somewhat babysitting us, came to the determination of its pretrial order. May I say, I understand that the court – It just entered an order? No, Your Honor. The court entered the pretrial order based in part on facts that were stipulated as well as facts that were determined under Rule – Back to the Rule 56? Yes. Is that what happened in the pretrial session? Yes. And so it took the facts from there. But may I say, it's very, very important for the court – I understand the court's position that it is taking, but I think that it's very, very important to realize that if the court were to determine that Judge Carlton abused his discretion in any way in this regard, it is still harmless error. And the reason why, as appellants put on a wealth of evidence that Mr. Asbury was not terminated, they put on evidence claiming that even though he was not allowed on the job site, he was not receiving a paycheck, he was told that he can't even come on the job site, but they said that that's still not termination. Well, but the problem, of course, is that's just confusing, because the judge has, on the one hand, instructed the jury that he was terminated on September 9th or 11th, whatever the date was. And on the other hand, let's counsel, put on some evidence and make an argument about it, and the two don't crack. So, in fact, it's worse in terms of a harmless error analysis, because the jury is not going to believe, under the instructions that they were given, that it was open to them to decide whether he was terminated or not. Well, specifically, defense counsel stated, when the stipulated facts were read, I object, object, the city never agreed to these stipulated facts, they never did. The jury was presented all of that information. Statements and objections of counsel are not evidence. So the judge overrules the objection, but it's clear that that's not evidence. If a jury is sent to decide the wrong issues, how can that be harmless error? They were not sent to decide the wrong issues. The jury was specifically given all of the jury instructions. It was told that it was to determine the credibility of the witnesses, weigh the evidence, that argument of counsel. And it was told that there were certain issues that were undisputed, isn't that right? Yes. And one of the two of them, actually, were based on facts that the defendants did not provide any admissible evidence in. Summary judgment. Summary judgment motion. See, that's the problem, and it's not a problem of your client's making. It's a problem of the judge's making. And the problem is, if the judge, as part of a Rule 16 procedure, wanted to set out what the judge thought were facts that should be conceded and give everybody notice, and if those facts aren't challenged with evidence, then I'm going to determine them, you know, maybe the judge could do that. But there are a lot of things a judge can do. But here, none of that was done. There wasn't a Rule 56d declaration. There wasn't a motion under Rule 56d that said these will be determined. The judge didn't give the city notice that if you don't put in evidence now, this is going to be determined for trial purposes, not just summary judgment. So it does seem somewhat, you know, like it's not the right process. And what is unfortunate, it seems, is the judge makes a mistake like that. Your client may have a perfect claim, and the jury's wasted a lot of time, may end up in the same place, but it may be that it all has to be done over again. Well, may I say two things in that regard? One is that the defendants had due process. There's no case that states that the only facts that may be presented under the stipulated facts is facts that the parties agree upon. There's no case that says that if facts are established in a motion for summary judgment, that they cannot be utilized. It's not supposed to be a game where a moving party puts on a motion and then hides part of its evidence so that maybe then we get to trial. It's not supposed to be about games, Ms. Smith. Let me give you an example. Let's say a plaintiff has the burden of proving three elements, A, B, and C, to prove their case. And they move for summary judgment, and they put in what they think is evidence of A, B, and C. Now, the defendant, if they want to, I think the way the rules are written, the defendant could just not respond on A and B and just respond on C and show there's a genuine issue of fact. And then if the court hasn't given notice that the other issues are determined for trial purposes, normally they wouldn't be. But that's not the case here. The defendants actually put on evidence to try to state that Mr. Asbury was not terminated. And what they put on was two unauthenticated job descriptions. But specifically, Mr. Asbury's declaration identified that he was walked off the job by his supervisor, told he cannot come back to work, he can't work in this position, you can't set foot on the job site. The defendants, to combat that, they put on a personal action request form. They don't have anybody explain what it is or anything else, but they say that says that he wasn't terminated. The defendants had due process. They were given the opportunity. Under Rule 56D, the statute specifically says that the court can make an order specifying the facts that are not within controversy. He never did that. The court did in the order. He never did that. Where? He did not. My review of the order, he specifically goes through all the different facts. Show me where in there, because that would be important to me if the court said he was making a determination that would be binding for trial. That's not what the order says. He does not specifically state I'm making a Rule 56D order, but he specifically says that he is making a determination on the pleadings, papers, oral arguments that were filed. Plaintiff specifically filed a statement of undisputed facts. The defendant had adequate opportunity to provide admissible evidence to dispute the termination. Why would you hold back on your evidence on that issue? It makes no sense to me. They could have filed a motion to reconsider if they felt as though the court's order by putting down that he was terminated or that he worked in a modified position was inaccurate. There is so much evidence in this case. Mr. Asbury was put through a very lengthy trial and there was a wealth of evidence that the jury received. If you go through the record time and time again, the defendants kept putting on evidence to show that Mr. Asbury wasn't terminated and to show that he didn't work in a modified position, even though all the evidence objectively showed that he was. He had a performance evaluation that was given to him less than a month before he was walked off the job. So you're saying the judge let the defendants put in evidence that he wasn't terminated, even though the judge instructed the jury that it was stipulated that he was terminated? Yes. That they had to follow that. That he was terminated for a period of four months or seven months. Someone had to describe why wasn't he on the job for seven months. I mean, it's nonsensical. The only stipulated facts the defendants would agree to was his date of hire and that he was working in the position then and that he had a back injury. Okay. I think we're ---- Well, thank you very much for your time. Thank you. Your Honors, regarding the harmless error standard, there were many substantial rights that were affected here. Okay. And under Rand v. Roland, 154, F3rd at 962, there is a discussion of whether the harmless error  analysis of Rule 61 should be used in a case where the jury is going to get the benefit of a chance to do this over again in a case where the jury certainly thought that Mr. Asbury had a very strong claim. So, I mean, has this case been mediated before with the circuit? No, it hasn't. No, it hasn't. And I think the jury's ---- because the jury's deliberation was about two hours long and they requested a readback, I think that they didn't rely on the evidence but rather the undisputed facts. So it's still a pretty good signal. Yeah. I really ---- this has been going on a very long time. And maybe ---- I hope for the future that both sides will get the message that it's better to cooperate. Thank you. I'll take your advice. Regarding whether or not the facts listed as undisputed facts in the Court's order following judgment ---- summary judgment were actually undisputed facts, the Court never held that. I think that it must be assumed that the section didn't have any legal effect, therefore. Another thing I used to do as a district judge, because I always gave out tentative rulings, was to say, you know what? You can sometimes argue yourself out of a position. All right. Nothing further unless you have any questions. Thank you. The case has started to be submitted. We'll hear the ----
judges: Schroeder, Rymer, Gould